UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROGER CLIFFORD,                    :
                                   :
          Plaintiff,               :CIVIL ACTION NO. 3:03-CV-1897
                                   :
          v.                       :(JUDGE CONABOY)
                                   :
INGERSOLL RAND COMPANY,            :
                                   :
          Defendant.               :

_____

**ORDER**

**Background of this Order:**

On July 23, 2004, Plaintiff filed a Motion to Compel Discovery, (Doc. 21), and Motion for Sanctions, (Doc. 22). By Order on November 23, 2004, both motions were granted in part and denied in part. (Doc. 54.)  Because of a problem regarding Defendant's Rule 30(b)(6) representative, Defendant was directed to identify a proper representative and bring that person to Scranton, Pennsylvania, for deposition at Defendant's expense. (Id. at 2.) The expense included Plaintiff's counsel fees incurred in connection with the deposition. (Id.)  In addition, Defendant was to reimburse Plaintiff's attorneys' fees and costs incurred in preparation of the Motion to Compel and Motion for Sanctions. (Id.)

On December 16, 2004, Defendant filed a motion requesting the Court to determine the reasonableness of attorneys' fees associated with Plaintiff's Motion to Compel and Motion for Sanctions and to limit the fees requested. (Doc. 68.)  By letter of December 1,

2004, Plaintiff's counsel informed Defendant's counsel that the fees and costs connected with the motions totaled eight thousand, six hundred dollars ($8,600.00): preparation of the motions took three (3) hours at two hundred dollars ($200.00) an hour equaling six hundred dollars; and preparation of the supporting briefs took twenty hours for each brief at two hundred dollars ($200.00) an hour for a total of eight thousand dollars ($8,000.00).  (Doc. 69 at 2.)  Defendant contests the amount of time spent on the supporting briefs, asserting that the two briefs are almost identical with approximately forty-four (44) of fifty-four (54) paragraphs being the same.  (Id. at 2-3.)  Defendant argues that because 80% of the briefs are the same, to bill twenty (20) hours for each brief is not reasonable.  (Id. at 3.)

Plaintiff responds that, although seeking reimbursement for only forty (40) hours, a total of forty-eight (48) hours and fifteen (15) minutes was spent in reviewing discovery, depositions, and correspondence (review of close to one thousand pages of deposition transcripts and fifty-nine exhibits).  (Doc. 78 at 5.) Plaintiff asserts that, in calculating the amount of time expended on each brief, for convenience purposes the total amount of time was divided in half.  On this basis, Plaintiff maintains that the amount of time spent on these documents was reasonable.

Having reviewed the parties' arguments, exhibits and relevant law, the Court concludes that the amount requested by Plaintiff is reasonable.

**AND NOW, THIS 19th DAY OF APRIL 2005, THE FOLLOWING ORDER IS ENTERED:**

1.  Defendant's Motion before the Court to Determine the Reasonableness of Attorneys' Fees Associated with the Plaintiff's Motion to Compel and Motion for Sanctions, (Doc. 68), in which Defendant asks the Court to limit fees requested by Plaintiff, is **DENIED**;

2.  Defendant is to reimburse Plaintiff eight thousand, six hundred dollars ($8,600.00) for the fees and costs incurred in preparing the Motion to Compel, (Doc. 21), and Motion for Sanctions, (Doc. 22), and supporting briefs, (Docs. 33, 34);

3.  The Clerk of Court is to mark the docket.


                           S/Richard P. Conaboy
                           RICHARD P. CONABOY
                           United States District Judge